ESTATE OF CARTER: STATE, Appellant, vs. CARTER, Administrator, Respondent.

*February 7—March 5, 1918.*

*Appeal: Affirmance: Equal division in appellate court: Inheritance tax: "Property or estate partly within and partly without this state."*

> A judgment of a circuit court affirming a judgment of a county court—to the effect that sub. 5, sec. 1087—11, Stats., did not apply to the estate of a resident of another state who died leaving an estate located partly in that state and partly in Wisconsin, and that the inheritance tax to be paid by those entitled to receive the estate in Wisconsin should be determined precisely as if the decedent's estate consisted only of the property located here—is affirmed, this court being equally divided on the question.

APPEAL from a judgment of the circuit court for Winnebago county: GEO. W. BURNELL, Circuit Judge. *Affirmed.*

The appeal is by the *State of Wisconsin* from a judgment of the circuit court in all things confirming a judgment of the county court determining the inheritance taxes due on the transfer of the estate of Benjamin F. Carter, deceased, late of Los Angeles, California.

The case involves the interpretation of sub. 5, sec. 1087—11, Stats., wherein provision is made for the apportionment of debts, expenses, and exemptions in "an estate which is partly within and partly without this state."

The county and circuit courts held that this section of the statute did not apply to Mr. Carter's estate, which was located partly in Wisconsin and partly in the state of California, where he resided at the time of his decease. In ascertaining the amount of the inheritance tax to be paid by those entitled to receive the estate in Wisconsin the lower courts determined the tax precisely as they would have done had Mr. Carter's estate consisted only of the real and personal property located in Wisconsin. The *State* asked that this tax be

determined according to the rule prescribed by sub. 5, sec. 1087—11, Stats., in cases of transfers of any property or estate partly within and partly without this state.

For the appellant there was a brief by the *Attorney General* and *E. E. Brossard,* assistant attorney general, and oral argument by *Mr. Brossard.*

For the respondent there was a brief by *Williams & Williams* of Oshkosh, and oral argument by *George E. Williams.*

SIEBECKER, J.   Mr. Justice OWEN, by reason of having had charge of this case as attorney general of the state before becoming a member of this court, did not participate in the hearing · and decision of this case.   The court, after careful consideration of the question involved, is equally divided.   Justices VINJE, ROSENBERRY, and ESCHWEILER are of the opinion that the judgment of the lower courts should be affirmed, and Chief Justice WINSLOW, Justice KERWIN, and the writer are of the opinion that the judgment should be reversed.   This situation, under the established rule, necessitates affirmance of the judgment appealed from.   *Hagenah v. Milwaukee E. R. & L. Co.* 136 Wis. 300, 116 N. W. 843.

*By the Court.*—The judgment of the circuit court is affirmed.   No costs to be taxed in favor of either party.   The appellant to pay the clerk's fees.